IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2025 MAR 12 P 12: 36
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:25cr216-MHT-JTA |
| | ) | [18 U.S.C. § 1956(h); |
| SAMUEL CORNELIUS GREEN, | ) | 18 U.S.C. § 1956(a)(1)(B)(i); |
| SHARON JONES GREEN, and | ) | 18 U.S.C. § 1349; |
| SCHEMILLIA LEVERA FENN | ) | 18 U.S.C. § 1343; |
| | ) | 18 U.S.C. § 1028A] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## INTRODUCTION

During all times relevant to this Indictment:

1.  The Emergency Rental Assistance Program ("ERAP") made funding available to assist households that were unable to pay rent or utilities and consisted of two separate programs: "ERA1" and "ERA2." The United States Congress authorized up to $25 billion under the Consolidated Appropriations Act, 2021, enacted on December 27, 2020, for ERA1. The United States Congress authorized up to $21.55 billion under the American Rescue Plan Act of 2021, enacted on March 11, 2021, for ERA2. The Department of Treasury's Office of Recovery Programs implemented the ERA.

2.  Grantees under ERA1 or ERA2 could use the funds to aid eligible households through existing or newly created rental assistance programs. The U.S. government made program payments under ERA1 and ERA2 through the U.S. Treasury directly to states, the District of Columbia, U.S. territories, local governments with more than 200,000 residents, the Department of Hawaiian Home Lands, and Indian tribes or the tribally designated housing entity of an Indian tribe, as applicable (collectively, the "eligible grantees"). Funds that the U.S. government made

available through ERA1 and ERA 2 were not paid directly to households or landlords, but rather to the administrative agencies designated to manage the programs, who in turn, and depending on the eligible grantee's implementation, would pay the funds directly to renters to help cover their housing-related costs or to landlords to help cover their tenant's unpaid rent during the pandemic.

3. Under ERAP, at least ninety percent of awarded funds must be used for direct financial assistance related to tenant housing costs, including rent, rental arrears, utilities and home energy expenses. The remaining funds can lawfully be used for housing stability services, including case management and other services intended to keep households stably housed. The availability of ERA1 funds expired on September 30, 2022, while the availability of ERA2 funds will expire on September 30, 2025.

4. ERA2 set aside monies for eligible grantees with a high need for ERA2 assistance, based on the number of very low-income renter households paying more than 50 percent of their income on rent or living in substandard or overcrowded conditions, rental market costs, and a change in employment after February 2020.

5. On February 12, 2021, Alabama Governor Kay Ivey authorized the Alabama Housing Finance Authority to implement the State's new COVID-19 emergency rental assistance program.

6. The Alabama Housing Finance Authority contracted Horne, LLC to manage the ERAP applications. Horne, LLC subcontracted Bill.com, LLC to facilitate the Automated Clearing House (ACH) payments to recipients of ERAP funding.

7. SAMUEL CORNELIUS GREEN and SHARON JONES GREEN were landlords in Pike County, Alabama.

8.      SAMUEL CORNELIUS GREEN, SHARON JONES GREEN, and SCHEMILLIA LEVERA FENN were residents of Pike County, Alabama.

## COUNT 1
(Money Laundering Conspiracy)

9.      The factual allegations contained in paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as copies verbatim.

10.     Beginning on or about March 2, 2021, and continuing through at least November 9, 2021, in Pike County, within the Middle District of Alabama and elsewhere, the defendants,

SAMUEL CORNELIUS GREEN, and
SHARON JONES GREEN

knowingly combined, conspired, and agreed with others, known and unknown, to commit offenses under Title 18, United States Code, Section 1956(a)(1), namely, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which financial transactions involved the proceeds of a specific unlawful activity, which was wire fraud, in violation of Title 18, United States Code, Section 1343, with the intent to conceal or disguise the nature, location, source, ownership, or control of proceeds, and that while conducting such financial transactions knew that the money or property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2 – 4
(Money Laundering – Concealment)

11.     On or about the dates listed below, in Pike County, within the Middle District of Alabama, the defendant,

SAMUEL CORNELIUS GREEN,

knowing that the property involved in the financial transactions listed below represented the proceeds of some form of unlawful activity, knowingly and willfully conducted and caused to be conducted the financial transactions designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity, which was wire fraud, in violation of Title 18, United States Code, Section 1343, and each transaction affected interstate commerce.

| Count | On or about Date | Transaction |
|---|---|---|
| 2 | July 19, 2021 | $5,056.67 payment to Troy Bank and Trust from SAMUEL CORNELIUS GREEN's Troy Bank and Trust account 8839 |
| 3 | August 23, 2021 | $5,000 cash withdrawal from SAMUEL CORNELIUS GREEN's Troy Bank and Trust account 8839 |
| 4 | October 28, 2021 | $4,000 cash withdrawal from SAMUEL CORNELIUS GREEN's Troy Bank and Trust account 8839 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

COUNTS 5 – 7<br>(Money Laundering – Concealment)

12.     On or about the dates listed below, in Pike County, within the Middle District of Alabama, the defendant,

SHARON JONES GREEN,

knowing that the property involved in the financial transactions listed below represented the proceeds of some form of unlawful activity, knowingly and willfully conducted and caused to be conducted the financial transactions designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity, which was wire fraud, in violation of Title 18, United States Code, Section 1343, and each transaction affected interstate commerce.

| Count | On or about Date | Transaction |
|---|---|---|
| 5 | January 12, 2022 | $10,800 cash withdrawal from SHARON JONES GREEN's Troy Bank and Trust account 5139 |
| 6 | January 13, 2022 | $8,000 cash withdrawal from SHARON JONES GREEN's Troy Bank and Trust account 5139 |
| 7 | January 28, 2022 | $6,000 cash withdrawal from SHARON JONES GREEN's Troy Bank and Trust account 5139 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 8
(Wire Fraud Conspiracy)

13. The factual allegations contained in paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as copies verbatim.

14. Beginning on or about March 2, 2021, and continuing through at least November 9, 2021, in Pike County, within the Middle District of Alabama and elsewhere, the defendants,

SAMUEL CORNELIUS GREEN,
SHARON JONES GREEN, and
SCHEMILLIA LEVERA FENN,

knowingly and willfully conspired, combined, and agreed with others, known and unknown, to execute and attempt to execute a scheme and artifice to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing this scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce any writings, signs, signals, pictures, or sounds, in violation of Title 18, United States Code, Section 1343.

15. It was part of the conspiracy that:

a. SAMUEL CORNELIUS GREEN and SHARON JONES GREEN used various individuals' personal identifying information without their consent to submit fraudulent and misleading ERAP applications. The disbursements were deposited into Troy Bank and Trust

account 5139, controlled by SAMUEL CORNELIUS GREEN and SHARON JONES GREEN, and Troy Bank and Trust account 8839, controlled by SAMUEL CORNELIUS GREEN.

  b. SAMUEL CORNELIUS GREEN and SHARON JONES GREEN utilized SCHEMILLIA LEVERA FENN's internet service provider at her residence to submit the ERAP applications.

  c. SAMUEL CORNELIUS GREEN and SHARON JONES GREEN also used SCHEMILLIA LEVERA FENN's information, with her consent, to submit a fraudulent ERAP application for 1091 County Road 7714 Apartment 5, that did not exist.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 9 – 14
### (Wire Fraud)

16. The factual allegations contained in paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as copied verbatim.

17. From on or about March 17, 2021, and continuing until on or about November 7, 2021, in Pike County, in the Middle District of Alabama, and elsewhere, the defendant,

SAMUEL CORNELIUS GREEN,

knowingly, willfully, and with intent to defraud, devised and intended to devise a scheme or artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing this scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce any writings, signs, signals, pictures, or sounds.

18. It was part of the scheme that:

  a. SAMUEL CORNELIUS GREEN altered utility bills and submitted the fraudulent and misleading documentation to Horne, LLC for numerous ERAP applications.

b. SAMUEL CORNELIUS GREEN applied for ERAP assistance for properties that did not exist.

c. SAMUEL CORNELIUS GREEN provided Horne, LLC with misleading information about tenants, rent, utilities, and other financial information knowing the information was false.

19. On or about the following dates, SAMUEL CORNELIUS GREEN, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, with each wire constituting a separate count:

| Count | On or about Date | Property | Amount |
| --- | --- | --- | --- |
| 9 | March 17, 2021 | 423 County Road 7723 Apartment A | $10,775 |
| 10 | March 19, 2021 | 108 W. Fairview Apartment A | $10,575 |
| 11 | March 19, 2021 | 105 Fox Street | $10,475 |
| 12 | March 25, 2021 | 207 Smart Road | $12,000 |
| 13 | March 29, 2021 | 870 County Road 2208 | $6,950 |
| 14 | November 7, 2021 | 1091 County Road 7714 Apartment 5 | $13,875 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 15 – 17
(Wire Fraud)

20. The factual allegations contained in paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as copied verbatim.

21. From on or about March 16, 2021, and continuing until on or about November 9, 2021, in Pike County, in the Middle District of Alabama, and elsewhere, the defendant,

SHARON JONES GREEN,

knowingly, willfully, and with intent to defraud, devised and intended to devise a scheme or artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing this scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce any writings, signs, signals, pictures, or sounds.

22. It was part of the scheme that:

a. SHARON JONES GREEN submitted fraudulent and misleading documentation to Horne, LLC for numerous ERAP applications.

b. SHARON JONES GREEN applied for ERAP assistance for properties that did not exist.

c. SHARON JONES GREEN provided Horne, LLC with misleading information about tenants, rent, utilities, and other financial information knowing the information was false.

23. On or about the following dates, SHARON JONES GREEN, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, with each wire constituting a separate count:

| Count | On or about Date | Property | Amount |
|---|---|---|---|
| 15 | March 16, 2021 | 2215 County Road 7714 Lot 6 | $5,800 |
| 16 | November 7, 2021 | 1091 County Road 7714 Apartment 6 | $13,875 |
| 17 | November 9, 2021 | 1587 County Road 7714 | $15,375 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 18 – 19
### (Aggravated Identity Theft)

24.     On or about the dates set forth in the table below, in Pike County, within the Middle District of Alabama, the defendant,

### SAMUEL CORNELIUS GREEN,

knowingly transferred, possessed, and used, without lawful authority, means of identification of another person, as identified in the table below, during and in relation to the commission of a felony enumerated in 18 U.S.C. § 1028A(c)(1), to wit: wire fraud in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to an actual person, as follows:

| Count | On or about Date | Victim | Means of Identification Used | Related Count |
| --- | --- | --- | --- | --- |
| 18 | March 19, 2021 | T.S. | Name, date of birth, social security number | 11 |
| 19 | March 29, 2021 | W.W. | Name, date of birth, social security number | 13 |

All in violation of Title 18, United States Code, Section 1028A.

## COUNT 20
### (Aggravated Identity Theft)

25.     On or about March 16, 2021, in Pike County, within the Middle District of Alabama, the defendant,

### SHARON JONES GREEN,

knowingly transferred, possessed, and used, without lawful authority, means of identification of another person, as identified in the table below, during and in relation to the commission of a felony enumerated in 18 U.S.C. § 1028A(c)(1), to wit: wire fraud in violation of 18 U.S.C. § 1343, as charged in Count 15 of this Indictment, knowing that the means of identification, to wit: name, date of birth, and social security number, belonged to an actual person, J.F. All in violation of Title 18, United States Code, Section 1028A.

## FORFEITURE ALLEGATION

A.  The allegations contained in Counts 1-17 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a).

B.  Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343, 1349, and 1956(a)(1)(B)(i) and (h), set forth in Counts 1-17 of this Indictment, the defendants,

SAMUEL CORNELIUS GREEN,
SHARON JONES GREEN, and
SCHEMILLIA LEVERA FENN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a), any property constituting, or derived from, proceeds the person obtained directly or indirectly, and all property, real or personal, involved in or traceable to such property, as a result of the offenses in violation of Title 18, United States Code, Sections 1343, 1349, and 1956(a)(1)(B)(i) and (h).

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)  cannot be located upon the exercise of due diligence;

    (2)  has been transferred or sold to, or deposited with, a third party;

    (3)  has been placed beyond the jurisdiction of the court;

    (4)  has been substantially diminished in value; or

    (5)  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a).

A TRUE BILL:

_____
Foreperson

_____
KEVIN P. DAVIDSON
ACTING UNITED STATES ATTORNEY

_____
Michelle R. Turner
Assistant United States Attorney

_____
Russell T. Duraski
Assistant United States Attorney